FRANK D. FERRETTI, PROSECUTOR, v. CITY OF ATLANTIC CITY AND ATLANTIC CITY RAILROAD COMPANY, RESPONDENTS.

Decided May 3, 1927.

**Municipalities—Ordinances—Home Rule Act Supplants Provisions of Walsh Act When There is Conflict—Home Rule Act Lays Down Completely the Method of Adoption of All Ordinances—No Indefiniteness Found in Proposed Plan—Alleged Encroachments are Platforms of Railroad Company to be Used in Lieu of Sidewalks—Other Grounds Considered and Writ of Certiorari Denied.**

On application for *certiorari*.

Before Justice CAMPBELL.

For the prosecutor, *Cole & Cole.*

For Atlantic City, *Joseph B. Perskie.*

For the Atlantic City Railroad Company, *Edward L. Katzenbach.*

PER CURIAM.

This is an application for a writ of *certiorari* to review an ordinance-agreement between Atlantic City and the Atlantic City Railroad Company, known as ordinance No. 14.

Eight reasons are urged why the writ should be allowed, but my consideration of them brings me to the conclusion that they do not present debatable questions calling for the exercise of my discretion in favor of the allowance of the writ.

The power to contract in the manner provided by the ordinance is unquestionably given by *Pamph. L.* 1925, *p.* 377.

The first ground of attack is that the ordinance was not adopted in compliance with section 6 of the Walsh act.

Amendment of 1912, *Pamph. L.* 1912, *p.* 643. The complete answer to this is that the Home Rule act, of 1917, page 319, presents a comprehensive procedure for the adoption of ordinances in all municipalities, and where that situation exists this court has held that the provisions of that act supplant and override the provisions of the Walsh act. *Public Service Railway Co.* v. *General Omnibus Co.,* 93 *N. J. L.* 344 (at *p.* 349) ; *Wethling* v. *Orange,* 94 *Id.* 36.

The amendment of the Home Rule act (*Pamph. L.* 1926, *p.* 378) lays down completely and finally the method of adoption of all ordinances in all municipalities of the state under whatever form of government they may exist.

The next ground is that subdivision f of placitum 8 of section 1 of the ordinance provides indefinitely for the occupation of a portion or portions of proposed highways and that the municipality is without power to permit such encroachments.

The question of indefiniteness is disposed of by the fact that a map or plan accompanying and made a part of the ordinance definitely shows and marks the portions referred to.

The encroachments so called are platforms of the railroad company which are to be in lieu of sidewalks, and are to be secured by such rights being reserved to the railroad company in lands to be acquired by it and conveyed to the city. Counsel points to no authority indicating unlawfulness of such a provision and I have found and know of none.

The third ground is that the statute (*Pamph. L.* 1925, *p.* 377, *supra*), requires action to be taken either under the Walsh act or Home Rule act, and prosecutor contends the action should be under section 6, *Pamph. L.* 1912, *p.* 643, *supra.* This has already been considered and disposed of under point one, except that it should be added that the Home Rule act and its amendments and supplements cover all the matter legislated upon and contracted toward in the ordinance-contract and comprehended by section 6 of the Walsh act, *supra.*

The fourth ground is that the ordinance-contract does not bind the railroad company to build a new terminal.

I think this cannot be said to be so. The entire document is to that purpose and end.

The fifth ground is that the ordinance is unreasonable because no time is fixed for the completion of the proposed terminal.

This does not make for unreasonableness, and I am unable to find it presents a proper reason for review.

The sixth ground is that the shares of the costs of the improvements are not fixed as required by *Pamph. L.* 1925, *p. 377, supra.*

This contention is not supported. An examination of the ordinance will readily show that the burden of undertaking, and, therefore, the financial responsibility for each portion of the work is specifically provided for. A determination in this direction in actual and fixed sums would be impossible in an undertaking of this character and magnitude.

The seventh ground is that no provision is made for the cost of vacating certain streets including the consequential damages to property owners.

This matter will and must be the subject of future municipal action.

The eighth and final ground is that certain amendments were made at or before the meeting for hearing of objections.

Neither of such amendments substantially changed the substance or effect of the ordinance and therefore in nowise affected the proceedings.

The application is therefore denied and *allocatur* of the writ refused.